IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER SCHOENFELD, :

    Plaintiff, :

v. : Case No. 3:20-cv-159

MERCEDES-BENZ USA, LLC, : JUDGE WALTER H. RICE

    Defendant. :

---

DECISION AND ENTRY OVERRULING AS MOOT PLAINTIFF'S MOTION TO EXTEND DEADLINES (DOC. #19); SUSTAINING DEFENDANT MERCEDES-BENZ USA, LLC'S MOTION TO TRANSFER VENUE (DOC. #23); TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA; TERMINATION ENTRY

---

Plaintiff Christopher Schoenfeld filed suit against Mercedes-Benz USA, LLC ("MBUSA"), seeking relief under Ohio's Lemon Law, Ohio Revised Code § 1345.71 *et seq.*, the Magnuson Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and the Ohio Consumer Sales Practices Act, Ohio Revised Code §1345.01 *et seq.* He also asserted a claim of tortious breach of warranty.

This matter is currently before the Court on: (1) Plaintiff's Motion to Extend Deadlines for expert witness disclosure and discovery, Doc. #19; and (2) Defendant MBUSA's Motion to Transfer Venue either to the United States District Court for the Middle District of Florida, or to the United States District Court for the Eastern District of Kentucky. Doc. #23.

I.      **Factual Background and Procedural History**

On June 25, 2019, Plaintiff Christopher Schoenfeld, a resident of Cape Coral, Florida, purchased a new Mercedes-Benz AMG from Jeff Wyler Mercedes-Benz of Fort Mitchell, Kentucky. He registered and insured the car in Florida. Shortly after buying the car, he began to have problems with it. On September 30, 2019, he took the vehicle back to Jeff Wyler because the vehicle's "low engine oil" warning light was illuminated.

On November 14, and December 26, 2019, Mr. Schoenfeld took the vehicle to the Bob Ross Mercedes-Benz dealership in Centerville, Ohio, because the "low engine oil" and "adaptive headlight inoperable" warning messages were both illuminated. On February 24, 2020, Mr. Schoenfeld took the vehicle back to Bob Ross because the "low engine oil" warning light was again illuminated, and a noise was coming from the engine.

Mr. Schoenfeld then filed suit against MBUSA in the Montgomery County, Ohio, Court of Common Pleas, asserting claims under Ohio's Lemon Law, O.R.C. § 1345.71, the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, and the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01. He also brought a claim of tortious breach of warranty.

After Schoenfeld filed suit, he took the vehicle to Mercedes-Benz of Fort Myers, Florida, on at least three occasions between March of 2020 and November of 2020, because the "low engine oil" and "adaptive headlight inoperable" warning messages were illuminated again.

2

On April 23, 2020, MBUSA removed the case to federal court on the basis of diversity jurisdiction. Thereafter, MBUSA filed a motion to compel arbitration, which this Court overruled. Doc. # 22.

On April 26, 2021, the Court held a conference call in which the Court agreed to entertain a motion to transfer venue. It also gave the parties 60 days to take additional depositions, extended the dispositive motion deadline to October 1, 2021, and set a new trial date of February 7, 2022. MBUSA has now filed a Motion to Transfer Venue from the Southern District of Ohio to the Middle District of Florida or, alternatively, to the Eastern District of Kentucky. Doc. #23.

## II.     Defendant MBUSA's Motion to Transfer Venue (Doc. #23)

The statute governing transfer of venue states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). An action "might have been brought" in a transferee court if the court has jurisdiction over the subject matter of the action, venue is proper there and the defendant is amenable to process issuing out of the transferee court. *Sky Techs. Partners, LLC v. Midwest Rsch. Inst.*, 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000) (Holschuh, J.) (citing *Continental Grain Co. v. Barge F.B.L.-585,* 364 U.S. 19 (1960)).

If the case "might have been brought" in the transferee court, then the Court must determine whether the movant has shown that a transfer is warranted.

3

*Id.* Under most circumstances, a plaintiff's choice of forum is to be given considerable weight. *Id.* The Court must consider both the private interests of the litigants and the public's interest in the administration of justice. *Id.*

Private interests to be considered include the relative ease of access to sources of proof, the ability to subpoena unwilling witnesses, the cost of obtaining the attendance of willing witnesses, and other factors that make trial of the case expeditious and inexpensive. *Id.* (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947)). Public interests to be considered include "docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law." *Id.* Other factors to be considered may include "the nature of the suit; the place of the events involved; . . . and the residences of the parties." *Id.* (quoting *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F. Supp. 1316, 1318 (S.D. Ohio 1991)).

Although these factors are similar to those considered in adjudicating *forum non conveniens* motions, a motion to transfer venue under § 1404(a) may be granted "upon a lesser showing of inconvenience." *Id.* (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

In its Motion to Transfer Venue, MBUSA argues that there is no compelling reason for this case to remain in Ohio, given the State's tenuous connection to this litigation. MBUSA notes that neither party is from Ohio, none of the critical witnesses is located in Ohio, the vehicle was not purchased in Ohio, and the

4

vehicle is not registered or licensed in Ohio. Mr. Schoenfeld nevertheless argues that his choice of forum should be given considerable weight, and that MBUSA has failed to meet its burden to show that a transfer would be justified.

Having considered the relevant law and the facts of this case, the Court concludes that this case should be transferred to the Middle District of Florida.

### A. Venue

It is undisputed that the case could have been brought in the United States District Court for the Middle District of Florida, which would have diversity jurisdiction. Venue is also proper there. Mr. Schoenfeld is a Florida resident, the vehicle at issue is registered and insured in Florida, and the vehicle was serviced there on at least three occasions. *See* 28 U.S.C. § 1391(b)(2) (noting that a civil action may be brought in "a judicial district in which a substantial part of the events of omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."). MBUSA has its principal place of business in Georgia, but is amenable to service of process in Florida.

Having determined that this action might have been brought in the Middle District of Florida, the Court turns to the question of whether the private and public interests at stake warrant a transfer of venue.

### B. Private Interests of Litigants

#### 1. Plaintiff's Choice of Forum

Although a plaintiff's choice of forum is generally afforded considerable weight, two factors weigh against Mr. Schoenfeld. The first is that he originally

5

filed suit in the Montgomery County Court of Common Pleas. *See Silver Knight Sales & Marketing, Ltd. v. Globex Int'l, Inc.*, No. 2:06-CV-123, 2006 WL 3230770, at *4 (S.D. Ohio Nov. 6, 2006) (Holschuh, J.) ("Although the plaintiff's choice of forum is typically afforded significant weight, courts afford it less weight if an action has been removed to federal court, as it was here."). Second, Mr. Schoenfeld is not a resident of the State of Ohio; rather, he resides in Florida. When the plaintiff chooses a forum that is not his residence, his choice is given less weight, particularly where the operative facts took place elsewhere. *See Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 850, 852 (S.D. Ohio 2007) (Rice, J.) (holding that transfer to South Carolina was warranted, because the operative facts took place there, and the "absence of events connecting the litigation to Ohio negates the deference ordinarily given to a plaintiff's choice of venue.").

Schoenfeld argues, however, that his case has a substantial connection to Ohio. Three of the five repair attempts cited in the Amended Complaint took place in Ohio, and his Ohio Lemon Law claim accrued following the third failed repair attempt. *See* Ohio Rev. Code § 1345.73(A)(1). When Schoenfeld filed his original Complaint, the vehicle had not yet been serviced in Florida. In addition, Schoenfeld notes that, when he filed suit in Ohio, he was clearly aware that he may need to travel from Florida to Ohio for trial.

In the Court's view, Schoenfeld's choice of forum is entitled to *some* weight, given that certain operative facts took place in Ohio. Nevertheless, other factors weigh more heavily in favor of a transfer to the Middle District of Florida.

6

### 2.     Relative Access to Sources of Proof, Convenience of Witnesses

Other private interests to be considered include the ease of access to sources of proof, the ability to subpoena unwilling witnesses, and the cost for willing witnesses to attend the trial. The convenience of witnesses is "the most important factor" to be considered in ruling on a motion to transfer under 28 U.S.C. § 1404(a). *Kay*, 494 F. Supp. 2d at 852. "The inconvenience of the chosen and proposed forums must be balanced to see which party would suffer the greater hardship if a change of venue is granted." *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1049 (S.D. Ohio 2002) (Rice, J.).[1]

"[I]f a change of venue serves merely to shift the inconvenience from the defendants to the plaintiff, a change of venue is improper." *Slate Rock Const. Co. v. Admiral Ins. Co.*, No.2:10- CV-1031, 2011 WL 3841691, at *9 (S.D. Ohio Aug. 30, 2011) (Marbley, J.). In this case, however, transferring venue to the Middle District of Florida does not shift the inconvenience from one party to another. Rather, the transfer makes the trial more convenient for *all parties* involved.

In this case, the vehicle at issue is located in Florida. Schoenfeld's counsel has indicated that Schoenfeld "does not feel safe driving the vehicle." Doc. #23-4, PageID#224. Accordingly, any expert witnesses hired by the parties would have

---

[1] An Ohio trial would clearly be more convenient for the attorneys in this case given that they all practice law in Ohio. Nevertheless, "convenience of counsel is not a factor to be considered when ruling on a motion for transfer." *Sanhua Int'l v. Riggle*, No.2:17-cv-368, 2019 WL 2088431, at *6 (S.D. Ohio May 13, 2019) (Deavers, M. J.) (quotation omitted).

to travel to Florida to inspect the vehicle. Plaintiff's expert witness, Larry Dragan, is a resident of Florida. Doc. #23-5, PageID#226. MBUSA, which has its principal place of business in Georgia, has indicated that, if it retains an expert witness, it would also likely search for an expert based in Florida. Not only would these expert witnesses be outside the subpoena power of the Southern District of Ohio, but a Florida venue would clearly be more convenient for them.

Christopher Schoenfeld and his wife, Andrea, who is the primary driver of the vehicle at issue, also reside in Florida. They are both critical witnesses in this case. Andrea Schoenfeld is not a party to this lawsuit and, because she resides more than 100 miles from Dayton, she cannot be compelled to testify at trial. MBUSA argues that this impedes its ability to present an adequate defense.

In response, Schoenfeld notes that MBUSA has presented no evidence, by affidavit or otherwise, that either he or his wife would be unwilling or unable to travel to Ohio to testify at trial. Moreover, even if MBUSA could show that Andrea Schoenfeld was unwilling or unable to travel to Ohio, MBUSA could take her deposition pursuant to Fed. R. Civ. P. 45, which could be used at trial pursuant to Fed. R. Civ. P. 32(a)(4)(B). This solution, however, is far from ideal and, regardless of whether Christopher and Andrea Schoenfeld are willing and able to travel to Ohio to testify at the trial, it would clearly be more convenient for them if the trial were held in Florida. In this respect, this case is distinguishable from *Grubb v. Day to Day Logistics, Inc.*, No. 2:14-CV-01587, 2015 WL 4068742, at *17-18 (S.D. Ohio July 2, 2015) (Marbley, J.), cited by Schoenfeld.

8

Other key trial witnesses may include the automobile technicians who serviced the car at the Mercedes-Benz dealerships in Kentucky, Ohio and Florida. Schoenfeld notes that he has already obtained the service records from these dealerships, and MBUSA has stipulated as to the authenticity of the records. Regardless of whether the trial is held in Florida or Ohio, some of the service technicians will be outside of the subpoena power of the court. Schoenfeld notes that their depositions can be taken under Fed. R. Civ. P. 45(c)(1), and their testimony would be admissible at trial under Fed. R. Civ. P. 32(a)(4)(B).

Even if the Court gives some deference to Mr. Schoenfeld's choice of forum, the other private interest factors weigh in favor of granting of the motion to transfer venue to the Middle District of Florida. This venue is more convenient to the expert witnesses and to the majority of the lay witnesses, including Plaintiff and his wife.

### C. Interests of the Public

The Court finds that the public interest factors also slightly weigh in favor of transferring this case to the Middle District of Florida.

#### 1. Docket Congestion

MBUSA points out that, according to Federal Court Management Statistics, the Southern District of Ohio had 14,855 cases pending as of December 31, 2020. The Middle District of Florida had only 8,939 cases pending as of that date. Doc. #23-6, PageID##228-30. This factor weighs in favor of the motion to transfer venue to the Middle District of Florida.

9

### 2. Burden of Trial to a Jurisdiction with No Relation to the Cause of Action

A Mercedes-Benz dealership in Centerville, Ohio, attempted to repair Schoenfeld's car on three separate occasions, leading Schoenfeld to assert violations of the Ohio Lemon Law and the Ohio Consumer Sales Practices Act. Accordingly, it cannot be said that Ohio has *no* relation to the causes of action. Nevertheless, the Court notes that this is a suit brought by a Florida resident against MBUSA, a Georgia company, concerning the warranty on a car that was purchased in Kentucky. Ohio's relationship to Schoenfeld's claims is tenuous at best. The Court therefore concludes that this factor does not weigh heavily in favor of either party.

### 3. Value of Holding Trial in a Community Where the Public Affected Live

The next factor to be considered is the value of holding trial in a community where the public affected live. Schoenfeld alleges that MBUSA breached its express and implied warranties given in connection with his purchase of the Mercedes-Benz vehicle. Ohio's only connection to these claims is that Schoenfeld had the vehicle serviced here on three occasions. Schoenfeld has asserted no claims against the Ohio dealership that serviced his car. The Court finds that the citizens of Florida, where Schoenfeld resides and where the car is located, and Georgia, where MBUSA has its principal place of business, have far greater stakes in the outcome of this case than do the citizens of Ohio. Under the circumstances

presented here, it is not in the public interest to burden the citizens of Ohio with jury duty.

### 4. **Familiarity of the Court with Controlling Law**

The final public interest factor to be considered is the familiarity of the respective courts with the controlling law. Notably, "[c]laims under the Magnuson-Moss Warranty Act stand or fall with . . . express and implied warranty claims under state law." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015) (quoting *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008)).

The parties disagree about which state's law governs Schoenfeld's claims. The retail purchase agreement that Schoenfeld executed when he purchased the car from Jeff Wyler Mercedes-Benz of Fort Mitchell states that it will be governed by Kentucky law. Doc. #24, PageID##246-247. At issue is whether this choice-of-law provision extends to the MBUSA limited warranty, given that MBUSA was not a party to the retail purchase agreement.[2] Schoenfeld argues that the warranty is not subject to the choice-of-law clause and that Ohio law governs because Ohio has the most significant relationship to the causes of action. MBUSA, however, argues that the Kentucky choice-of-law provision controls. The Court agrees with MBUSA.

---

[2] The MBUSA warranty contains no choice-of-law provision.

11

The choice-of-law clause states: "GOVERNING LAW: THE TERMS AND CONDITIONS OF THIS AGREEMENT (INCLUDING ANY DOCUMENTS WHICH ARE A PART OF THIS TRANSACTION OR INCORPORATED HEREIN BY REFERENCE) AND ANY SALE HEREUNDER WILL BE GOVERNED BY THE LAWS OF THE STATE OF KENTUCKY." Doc. #11-1, PageID#80. Although the MBUSA warranty is not incorporated by reference in the retail purchase agreement, it is clearly a document which was part of the retail purchase "transaction." The warranty was extended to Schoenfeld by MBUSA, *through the dealership*, in connection with his purchase of the vehicle, and he could not have obtained that warranty without purchasing the car. The fact that Schoenfeld's claims against MBUSA do not rest on any of the terms of the retail purchase agreement is inapposite. The Court therefore concludes that Kentucky law applies. A federal court in Ohio has no more familiarity with Kentucky law than a federal court in Florida. Accordingly, this factor does not weigh either for or against a transfer of venue.

To summarize, several different states have an interest in the outcome of this litigation, but Ohio's connection to the claims asserted is quite tenuous. Transferring venue to the Middle District of Florida will be much more convenient for all parties, including Mr. Schoenfeld, the expert witnesses, and the key lay witnesses. Schoenfeld maintains that transferring the case could be prejudicial because the trial would be delayed; however, this is purely speculative. Having weighed all relevant factors, the Court SUSTAINS Defendant MBUSA's Motion to

Transfer Venue to the United States District Court for the Middle District of Florida, Doc. #23.

### III. Plaintiff's Motion to Extend Deadlines (Doc. #19)

Plaintiff previously filed a Motion to Extend Deadlines, Doc. #19. The Court OVERRULES this motion AS MOOT. New deadlines, including a dispositive motion deadline of October 1, 2021, were established during the conference call held on April 26, 2021.

### IV. Conclusion

For the reasons set forth above, the Court SUSTAINS Defendant MBUSA's Motion to Transfer Venue, Doc. #23. The Clerk is directed to TRANSFER this case to the United States District Court for the Middle District of Florida.

Plaintiff's Motion to Extend Deadlines for expert witness disclosure and discovery, Doc. #19, is OVERRULED AS MOOT.

Date: August 12, 2021                         *Walter H. Rice* (signature)
                                              WALTER H. RICE
                                              UNITED STATES DISTRICT JUDGE